# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LANGERMANN, as administrator of the Estate of Marika Greyson,<br><br>    Plaintiff,<br><br>vs.<br><br>PROPERTY & CASUALTY INSURANCE CO. OF HARTFORD,<br><br>    Defendant. | Case No.: 2:14-cv-00982-RCJ-PAL<br><br>**ORDER** |

This case arises out of the failure of an insurer to pay uninsured/underinsured motorist ("UIM") benefits. Pending before the Court is a Motion to Dismiss (ECF No. 4). For the reasons given herein, the Court GRANTS the motion, with leave to amend.

## I.    FACTS AND PROCEDURAL HISTORY

On or about September 25, 2012 in Clark County, Nevada, a non-party drove across the median on the road where decedent Marika Greyson was also driving, colliding with Greyson's vehicle and causing her severe personal injuries. (*See* Compl. ¶ 4--5, June 18, 2014, ECF No. 1-1). At the time of the accident, Greyson had an insurance policy (the "Policy") issued by Defendant Property & Casualty Insurance Co. of Hartford ("Hartford"), including UIM benefits of $100,000. (*See id.* ¶ 6). Greyson demanded Defendant pay an unspecified amount under the

Policy for medical expenses, pain, and suffering. (*Id.* ¶ 7).  Defendant has failed to accede to the demand in full or in part. (*See id.* ¶ 8).

Plaintiff Robert Langermann, as administrator of Greyson's estate, sued Defendant in state court for breach of contract, insurance bad faith, violations of Nevada Revised Statutes ("NRS") section 686A.310, and declaratory relief.[1]  Defendant removed and has now moved to dismiss the second and third claims for failure to state a claim.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in

---

[1] The declaratory relief claim is superfluous in light of the other claims seeking damages based on the same facts the declaratory relief claim seeks to establish. *See Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 n.5 (9th Cir. 2002); *Hood v. Super. Ct.*, 39 Cal. Rptr. 2d 296, 298–99 (Ct. App. 1995).  Although a declaratory relief claim that is related to another claim yet requests a declaration broader than facts the other claim would establish if proved is not superfluous, here, the claim seeks declarations only that Defendant has breached the Policy, that Plaintiff has suffered damages due to the breach, and that Plaintiff has had to litigate the matter, entitling him to attorney's fees. (*See* Compl. ¶¶ 40–41).  All of those determinations are subsumed within the breach-of-contract and section 686A.310 claims, however, so the claim for declaratory relief in this case is superfluous.

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Unlike the word's lay definition, "plausibility" under Rule 8(a) is not a factual test of the likelihood a plaintiff's allegations are true, but a legal test of whether the allegations, if assumed to be true, entitle the plaintiff to relief.  Under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

   **A.   Bad Faith**

All contracts in Nevada contain an implied covenant of good faith and fair dealing, and a violation of the covenant by a fiduciary such as an insurer gives rise not only to a contractual claim for breach of the contract but a tort claim for a "tortious breach" of the covenant or "bad faith." *See Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009).  To establish a prima facie case of bad-faith refusal to pay an insurance claim, "the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998) *opinion modified on denial of reh'g*, 979 P.2d 1286 (1999).  Section 686A.310 provides a statutory cause of action where an insurer, *inter alia*, "[f]ail[s] to effectuate [a] prompt, fair and equitable settlements of [a] claim[] in which liability of the insurer has become reasonably clear" or "[c]ompel[s an] insured[] to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought . . . , when the insured[] ha[s] made [a] claim[] for [an] amount[] reasonably similar to the amount[] ultimately recovered." *See* Nev. Rev. Stat. § 686A.310(1)(e)–(f).

Defendant argues that Plaintiff has pled no facts indicating the requisite knowledge or recklessness as to having no reasonable basis for denying any claim in this case. The Court agrees with Defendant that Plaintiff has pled no facts at all surrounding the circumstances of the alleged failure to pay the unspecified demand. Plaintiff has not alleged the amount of the demand, when it was made, how Defendant responded to it, or any other facts surrounding the alleged denial apart from the mere fact of a demand (for an unspecified amount) and a denial. That is not enough to plausibly state a claim under the common law theory of bad faith.

**B.     Section 686A.310**

As to the statutory claim under subsection (1)(e), Plaintiff has alleged no facts indicating that Defendant's liability was reasonably clear, because Plaintiff has alleged neither the amount of the claim nor the amount paid or offered in return. Plaintiff has only alleged that Defendant failed to pay the claim, at least in part. The Complaint is consistent with a demand of $500,000 on a $100,000 policy, and a payment of $100,000, a set of circumstances that clearly does not implicate the statute, bad faith, or even a contractual breach.

The claim under subsection (1)(f) is more difficult to address under Rule 8(a), because the nature of a subsection (1)(f) claim is such that its elements cannot be alleged before the claim is resolved. That is, a Plaintiff necessarily cannot allege before the claim is determined that he has recovered substantially more than he was offered. The Court cannot under *Erie* negate the substantive state right to bring such a claim by applying a pleading standard that can never be satisfied. Only if a plaintiff were to allege facts making clear that he could not possibly recover more in the action than was offered, e.g., if a plaintiff were to admit having been paid the policy limits, or if all other claims had been dismissed or summarily adjudicated for other reasons such that the plaintiff could recover nothing in his action, would the dismissal of a subsection (1)(f)

claim under Rule 8(a) be proper.  In the case of subsection (1)(f) violations, the only "damages sustained," *see id.* § 686A.310(2), are the fees and costs of suit.  But those fees and costs are based on a suit pursuing other underlying claims.  Indeed, because it functions as a fee-shifting provision based upon a plaintiff's degree of success on other underlying claims, subsection (1)(f) is probably better characterized as a remedy than a claim, and it therefore needn't be pled at all.

In opposition, Plaintiff points to no factual allegations in the Complaint making out a prima facie case of bad faith or a violation of subsection (1)(e).  Plaintiff quotes various paragraphs of the Complaint that state legal conclusions and argues as if the quoted paragraphs allege facts.  They don't.  Plaintiff attaches factual matter to the opposition, but the Court will not transform the present motion into a motion for summary judgment.  Rather, the Court will grant the motion to dismiss, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge