UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT LANGERMANN,

Plaintiff,

v.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,

Defendant.

Case No. 2:14-cv-00982-RCJ-PAL

**ORDER**

(Mot. to Preclude Expert – Dkt. #21)

Before the Court is Defendant Property & Casualty Insurance Company of Hartford's Motion to Preclude Plaintiff from Offering Expert Testimony (Dkt. #21), which was referred to the undersigned by the district judge for decision. The Court has considered the Motion, Plaintiff's Response (Dkt. #26) and Defendant's Reply (Dkt. #28).

**BACKGROUND**

This is an action brought by Plaintiff Robert Langermann as the Administrator of the Estate of Marike Greyson to recover uninsured motorist benefits under a policy issued by Hartford. The Complaint alleges Ms. Greyson sustained injuries in a motor vehicle accident, and the Administrator is seeking uninsured motorist benefits on her behalf. Greyson was driving her vehicle on September 25, 2012, in Clark County, Nevada, when another driver crossed the median and side-swiped her vehicle. Plaintiff alleges Greyson suffered severe personal injuries which required extensive medical treatment. A demand was made to Hartford for uninsured/underinsured motorist coverage in the amount of $100,000 and a written notice was sent to Hartford of the claim March 4, 2013. Hartford responded on May 13, 2013, requesting the police report of the incident and a statement from Ms. Greyson. Plaintiff responded June 3, 2013, indicating there was no police report for the incident and that Ms. Greyson had passed away. Defendant allegedly responded to this correspondence by indicating it was not aware of

this loss and claim. When pre-suit efforts to recover UM/UIM benefits failed this lawsuit was filed.

In the current motion, Hartford seeks to preclude Plaintiff from offering expert testimony because the deadline for disclosing expert witnesses closed January 22, 2015, Plaintiff failed to disclose any experts, including medical experts, and the time for disclosure has expired.

Plaintiff's response indicates that he does not oppose excluding expert testimony of non-disclosed experts in this matter. Plaintiff disputes that he failed to properly disclose treating physicians who are non-retained experts. Plaintiff claims that he disclosed a list treating providers for Marike Greyson on September 15, 2014, long before the close of discovery and expiration of the expert deadline. The disclosures contain both the contact information for the treating provider and all corresponding medical records from each provider. Defendant did not seek clarification of these disclosures during discovery, indicate that the disclosures were deficient, or conduct any discovery from these providers by subpoena or deposition.

Plaintiff argues that the facts of this case are similar to this Court's ruling in *Ghiorzi v. Whitewater Pools & Spas, Inc.*, Case No. 2:10-cv-01778-JCM-PAL, in which the Court concluded that the treating physician could testify as to the treatment provided, but nothing more. *See* 2011 U.S. Dist. LEXIS 125329, 2011 WL 5190804 (D. Nev.) (Oct. 28, 2011 Order (Dkt. #91)). The same result was reached in *Carrillo v. B & G Andrews Enters., LLC*, Case No. 2:11-cv-01450-RCJ-CWH, 2013 U.S. Dist. LEXIS 12435, 2013 WL 394207 (D. Nev.) (Jan. 29, 2013 Order (Dkt. #130)). Plaintiff has no intention of introducing expert testimony from the disclosed treating providers outside the scope of their actual medical treatment of Markie Greyson. Therefore, the Court should deny Defendant's request to strike these treating physicians' testimony in their entirety but limit their testimony to the subject matter of their treatment as disclosed in the medical records and opinions formed in the course of treatment.

Hartford replies that although Plaintiff concedes no expert testimony will be offered in this action, he also argues that all ten of the treating physicians may testify because they were disclosed in initial disclosures, and Plaintiff provided medical records. Hartford argues that their testimony should be excluded because Plaintiff failed to comply with Rule 26(a)(2)(C) which

applies to witnesses who are not required to provide a written expert report. For non-retained expert witnesses a party is required to disclose both the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703 or 705, and a summary of the facts and opinions to which the witnesses expect to testify. Plaintiff did not do so and may not shift the burden to Hartford to seek clarification or seek supplementation because sanctions for failure to comply with the disclosure requirements of Rule 26(a) are self-executing and automatic. Hartford disputes that it failed to conduct any discovery regarding these providers, although it argues this is not relevant to the court's decision. Hartford represents it subpoenaed records from Dr. Milne, Dr. Chopra, Dr. Vance and Nevada Spine Institute. Hartford also argues that both *Ghiorzi* and *Carrillo* are distinguishable.

Finally, Hartford argues that Plaintiff's failure to comply with the disclosure obligations is neither substantially justified nor harmless. Ms. Greyson has a long history of pre-existing injuries, degenerative diseases and complaints of numerous falls. Without proper disclosure of the information required by Rule 26(a)(2)(C), Hartford has no way to determine what opinions the treating physicians will offer. Additionally, without the proper disclosure of the information required Hartford could not make an informed decision about which, if any, of the witnesses to depose.

## <u>DISCUSSION</u>

### A. Rule 26(a)(2)

The 2010 Amendments to the Federal Rules of Civil Procedure made significant changes to Rules 26(a)(2) and (b)(4) to address concerns about expert discovery. The Rule 26(a)(2) amendment requires disclosure of expected expert testimony of those witnesses not required to provide expert reports. However, the disclosures are limited to opinions to be offered by the expert witnesses and facts supporting those opinions. These disclosure obligations are "considerably less extensive" than the expert report information required by Rule (a)(2)(B). *See* Advisory Committee Notes to 2010 Amendments.

///

///

**B. Exclusion of Expert Testimony**

A "district court has wide discretion in controlling discovery." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (citing *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011). The Ninth Circuit "gives particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001)). Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier,* 768 F.3d at 861. Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples, The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) (applying Rule 37(c)(1) to a failure to disclose an expert report as required by Rule 26(a)(2)(B)). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of a showing of bad faith or willfulness. *Yeti by Molly*, 259 F.3d at 1106. The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion. *Id.* (citation omitted).

In *Goodman*, the Ninth Circuit recognized that ordinarily a treating physician is a percipient witness of the treatment rendered a patient rather than an expert "retained or specially employed to provide expert testimony" and therefore not subject to the written report requirement of Rule 26(a)(2)(B). 644 F.3d at 824. The Ninth Circuit characterized the treating physician exception to the report requirement as a "hybrid expert situation." *Id*. at 826. In a case

of first impression, the appellate court determined that when a treating physician is "transformed into an expert offering testimony on matters beyond the treatment rendered for purposes of Rule 26 disclosures," a report is required. *Id*. at 825–26. The *Goodman* court held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, the Ninth Circuit upheld the district court's exclusion of treating physician testimony that relied on information supplied by counsel that had not been reviewed during the course of treatment.

Counsel for Plaintiff relies on my decision in *Ghiorzi v. Whitewater Pools & Spas, Inc.*, Case No. 2:10-cv-01778-JCM-PAL. *See* 2011 U.S. Dist. LEXIS 125329, 2011 WL 5190804 (D. Nev.) (Oct. 28, 2011 Order (Dkt. #91)). However, there I excluded treating physician opinions reached after reviewing medical records from the date of loss finding they were clearly formed for the purpose of providing medical legal causation testimony. However, because the doctor treated the plaintiff and ordered diagnostic tests I found he could still testify about the results of his single examination of the plaintiff, and the results of the tests he ordered, provided the test results themselves were disclosed to plaintiff in discovery.

Both sides rely on Judge Hoffman's decision in *Carrillo v. B & G Andrews Enters., LLC*, Case No. 2:11-cv-01450-RCJ-CWH. *See* 2013 U.S. Dist. LEXIS 12435, 2013 WL 394207 (D. Nev.) (Jan. 29, 2013 Order (Dkt. #130)). There, Magistrate Judge Hoffman excluded testimony of treating physicians where Plaintiff had not complied with the disclosure requirements of Rule 26(a)(2)(C). He agreed the treating physicians were not required to submit expert reports compliant with Rule 26(a)(2)(B). However, he rejected Plaintiff's arguments that prior disclosure of treatment records was sufficient to satisfy the disclosure requirements of Rule 26(a)(2)(C). Counsel for plaintiff had not provided a summary of the facts and opinions about which the experts were prepared to testify and Judge Hoffman refused to shift the burden to the defendants "to sift through the medical records in an attempt to figure out what each expert may testify to." However, because the treatment records were not voluminous and defendants had sufficient time to review the records and conduct other discovery before the close of discovery, he found the plaintiff's failure to comply with the Rule 26(a)(2)(C) disclosures harmless.

Here, Plaintiff argues that no expert testimony will be offered at trial, and only those witnesses disclosed in initial disclosures will be called to testify at trial. This is a frivolous argument. Rule 702 of the Federal Rules of Evidence defines an expert as "[a] witness who is qualified as an expert by knowledge, skill, training or education" to offer opinions. Treating physicians are clearly experts. Although treating physicians are both percipient witnesses of the treatment provided to their patients and experts who provide medical opinions, Plaintiff does not intend to call them because they treated Ms. Greyson or witnessed the accident. It is undisputed that Plaintiff intends them to testify about their medical opinions that Greyson suffered extensive injuries caused as a result of the accident at issue.

Plaintiff argues their testimony should not be excluded because his initial disclosure contains both the contact information for each treating provider and the medical records for each provider were fully disclosed. A copy of the initial disclosures is attached as Exhibit 1 to Plaintiff's Opposition (Dkt. #26). For each medical provider the Plaintiff indicated a "person most knowledgeable" would testify and provided the same description of the subject matter of their anticipated testimony: "[s]aid witness will testify to his/her knowledge regarding the medical treatment provided to Marike Greyson resulting from the subject accident." The "Damages" section of the initial disclosure lists each provider with a dollar amount in the right hand column and a subtotal below indicating "total actual medical damages" are $54,179.70.

These disclosures are insufficient to comply with Plaintiff's obligations under Rule 26(a)(2)(C). The disclosure contains no information about the facts and opinions on which each provider is expected to testify as required by Rule 26(a)(2)(C)(ii). The disclosure contains only the most generic, unhelpful description of the subject matter on which each provider is expected to present evidence under Rules 702, 703, or 705 Federal Rules of Evidence as required by Rule 26(a)(2)(C)(i) of the Federal Rules of Civil Procedure. Providing voluminous treating provider medical records is simply insufficient to enable Hartford to determine what opinions the treating physicians will offer.

Additionally, Plaintiff has not even attempted to show that the failure to comply with the Rule 26(a)(2)(C) disclosure requirements is substantially justified or harmless. The purpose of

the expert witness disclosures is to prevent unfair surprise. The Plaintiff did not disclose a summary of the facts and opinions on which the providers will testify. Plaintiff's boilerplate conclusory description of their anticipated testimony is woefully inadequate. Identifying the treating physicians and providing Hartford with voluminous medical records does not meet Plaintiff's disclosure obligations under Rule 26(a)(2)(C), or provide sufficient information to prevent unfair surprise at trial.

Discovery closed March 23, 2015. Hartford filed a motion for summary judgment on April 22, 2015, based in part on arguments Plaintiff failed to disclose any expert who could testify that Ms. Greyson was in an accident and suffered any injury as a result of that accident. Allowing these witnesses to provide medical opinion testimony, even limited to those formed during the course of treatment, would require reopening discovery to prevent unfair surprise, cause Hartford to incur additional costs, delay this case and result in future motion practice. Courts enter case management orders to control congested dockets and insure the expeditious and sound management of cases to get them to trial in a reasonable period of time. The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F. 2d 1133, 1135 (9th Cir.1986). Failing to comply with a scheduling order is not harmless, and reopening discovery after the expiration of the deadlines only encourages cavalier treatment of the deadlines.

Having reviewed and considered the moving and responsive papers and for the reasons stated,

**IT IS ORDERED** that the Motion to Preclude Plaintiff from Offering Expert Testimony (Dkt. #21) is **GRANTED**.

DATED this 10th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE