UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LANGERMANN,<br><br>   Plaintiff,<br><br>vs.<br><br>PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>   Defendant. | 2:14-cv-00982-RCJ-VCF<br><br>**ORDER** |

   This case arises out of a hit-and-run car accident and an insurer's alleged subsequent breach of an insurance contract.  Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 22).  For the reasons given herein, the Court denies the motion.

**I.  FACTS AND PROCEDURAL HISTORY**

   On or about September 25, 2012 in Clark County, Nevada, a non-party crossed the median and sideswiped the vehicle of decedent Marika Greyson ("Greyson"), causing her severe injuries that required extensive medical treatment. (Am. Compl. ¶¶ 4–5, ECF No. 12).  At the time of the accident, Greyson maintained an insurance policy (the "Policy") issued by Defendant Property & Casualty Insurance Co. of Hartford ("Hartford") providing uninsured/underinsured ("UM/UIM") motorist coverage of $100,000. (*Id.* ¶ 6).  On March 4, 2013, counsel for Plaintiff Robert Langermann, the administrator of Greyson's estate, made a written demand under the Policy for medical damages, pain, and suffering. (*Id.* ¶¶ 7–8).  On May 13, 2013, Defendant requested a copy of the police report of the incident and a statement from Greyson. (*Id.* ¶ 9).

Counsel for Plaintiff responded on June 3, 2013 that there was no police report for the incident and that Greyson had died before making any recorded statement. (*Id.* ¶ 10). On January 14, 2014, at Defendant's request, Plaintiff's counsel forwarded letters of administration for Greyson's estate and requested the status of the claim. (*Id.* ¶ 14). Plaintiff's counsel sent a "formal demand package" to Defendant on January 22, 2014 and made further demands on March 7, 2014 and May 6, 2014. (*Id.* ¶¶ 15, 17, 19). Defendant did not respond to these demands, and Plaintiff's counsel sent a final correspondence to Defendant on May 21, 2014 indicating that suit was being filed. (*Id.* ¶¶ 16, 18, 20–21).

The Amended Complaint ("AC") lists four claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of Nevada Revised Statutes ("NRS") section 686A.310 (1)(b) and (1)(e); and (4) punitive damages under NRS section 42.005(1). Defendant has moved for summary judgment against all claims.

## II.   SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are

to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

### A.   Breach of Contract

In order to establish a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) plaintiff's performance; (3) breach by defendant; and (4) damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000). "When an insurance policy explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term." *Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 256 P.3d 958, 962 (Nev. 2011) (citing *Ins. Co. v. Cassinelli*, 216 P.2d 606, 615 (Nev. 1950)). Failure to comply with a condition precedent to coverage precludes coverage. *E.g.*, *Holland v. State Farm Mut. Auto. Ins. Co.*, No. 2:12-cv-1058, 2014 WL 1268712, at *5 (D. Nev. Mar. 27, 2014) (George, J.). The Policy provides that there is no duty to provide coverage unless the person seeking coverage: (1) promptly notifies Hartford how, when, or where the accident happened; (2) cooperates in the investigation, settlement, or defense of any claim or suit; (3) submits a proof of loss when required; and (4) promptly notifies the police if a hit-and-run driver is involved when seeking UM/UIM coverage under the Policy. (*See* Policy, Pt. E, paras. A–C, ECF No. 22-1).

Defendant argues that Greyson failed or refused to cooperate with Defendant in relating the facts of the accident, and that she admitted she had not filed any police report. Defendant adduces copies of reports entered by various employees recounting their conversations with Greyson and various other communications made to Greyson that tend to prove this. Plaintiff argues that Defendant breached the Policy by failing to settle her claim based on the UM/UIM provision of the Policy. It seems clear that Plaintiff did not satisfy all conditions precedent under

the Policy.  But the Court accepts Plaintiff's argument that significant questions of fact remain as to whether or not Greyson in fact participated in Defendant's investigation to the best of her ability under her physical circumstances at the time.  From November 2012 until her death on March 20, 2013, Greyson was receiving in-home hospice care. (*See* Invoices, ECF No. 27-1). During Defendant's investigation, Greyson was suffering the effects of the breast cancer that ultimately took her life, and this must be taken into account when determining whether or not Greyson failed to comply with the terms of the insurance contract. *See* Restatement (Second) of Contracts § 271, cmt. a, illus. 2 (1981).

### B.     Insurance Bad Faith

In the second claim, Plaintiff alleges that Defendant acted in bad faith when handling Greyson's claim.

> Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing.  The duty violated arises not from the terms of the insurance contract but is a duty imposed by law, the violation of which is a tort.

*U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975).

> Nevada's definition of bad faith is (1) an insurer's denial of (or refusal to pay) an insured's claim (2) without any reasonable basis and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial.

*Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 863 F. Supp. 1237, 1247 (D. Nev. 1994) (Hunt, M.J.) (citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986)).  Regarding the first element, "an insurer should not be able to escape an otherwise valid bad faith claim on the technical basis that it never officially denied coverage.  Thus, an official denial is not necessary to satisfy the first prong of bad faith." *Id.* at 1250.  Plaintiff argues that Defendant's denial of the claim is evidenced by the very fact that a

lawsuit exists between the parties.  Defendant contends that there was no denial of the claim as evidenced by the repeated requests for further information regarding the claim.  The Court finds that there is a genuine issue of material fact on the issue.  Refusing to pay a claim because the claimant has not provided necessary information under the contract may or may not be a breach, but it is a refusal to pay a claim.

Next, Defendant has provided evidence of a reasonable justification for denying Plaintiff's claim.  "The vital element of the so-called 'bad faith' tort is the insurance company's wrongful conduct, not merely in denying a claim incorrectly and, therefore, without 'proper' cause, but in denying the claim wrongfully, without any reasonable basis or with the knowledge that it is denying a rightful claim." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 620 (Nev. 1998).  Additionally, there can be no bad faith when there is a reasonable dispute as to the legal or factual basis for coverage. *Am. Fam. Mut. Ins. Co. v. Sw. Landscaping & Maint., Inc*., No. 2:09-cv-1878, 2011 WL 1343007, at *5 (D. Nev. Apr. 6, 2011) (Hicks, J.) (citing *Powers*, 962 P.2d at 620).  To demonstrate its reasonableness in denying Plaintiff's claim, Defendant adduces the expert medical opinion of orthopedist Dr. Serfustini, who testified that many of Plaintiff's injuries were unrelated to the alleged car accident.  Dr. Serfustini testified that it is clear from the medical records that Greyson suffered a fall in October, 2012, after which she began to have left sided symptomology with weakness and gait abnormalities.  Also, the multiple hospital visits, including the hospitalization at St. Rose Dominican and Sunrise Hospital, were all related to her unfortunately progressive and ultimately fatal breast cancer.  Given this opinion, as well as the lack of information provided by the Plaintiff, Defendant has satisfied its initial burden on summary judgment that it's denial of the claim was reasonable.  The Court, however, finds that the evidence adduced creates a genuine issue of material fact over whether the denial was reasonable given Plaintiff's mental condition and Defendant's agents' knowledge of it.  A jury

could rationally find that Defendant's representatives should have realized based on Plaintiff's incoherent speech during telephone calls and Plaintiff's communications concerning her mental condition that she needed assistance in filing her claims beyond what a typical insured needs and that Defendant's failure to take extra steps to investigate the claim was unreasonable under the circumstances.

### C.     NRS Section 686A.310 (1)(b) and (1)(e)

In the third claim, Plaintiff alleges Defendant: (1) failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance; and (2) failed to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonably clear. *See* Nev. Rev. Stat. § 686A.310(1)(b), (1)(e).  Some cases may demonstrate that "there could be an overlap of a bad faith claim and an NRS §686A.310 claim, i.e., the same conduct may support an NRS 686A.310 claim and a bad faith claim. However, the two claims are separate causes of action governed by different legal standards." *Pioneer Chlor Alkali Co., Inc.*, 863 F. Supp. at 1246-47.  "Bad faith is not as broad in scope as NRS 686A.310 . . . [which] address[es] the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Id.* at 1234.  For the reasons the Court denies summary judgment on the bad faith claim, it also denies summary judgment on the statutory claims.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge